IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

LONNIE MURPHY,

    Plaintiff,

v.   NO.  2:09-cv-02212-STA-cgc

STUDIO 6, a corporation, a/k/a
ACCOR NORTH AMERICA, INC.,
a Delaware Corporation;
FOURTH BERKSHIRE PROPERTIES, LLC;
MOTEL 6 OPERATING, LP; and
ASHLEY DAVIS,
Manager of Studio 6, a corporation, a/k/a ACCOR
NORTH AMERICA, INC., a Delaware Corporation and/or
FOURTH BERKSHIRE PROPERTIES, LLC
and/or MOTEL 6 OPERATING, LP,

    Defendants.

### REPORT AND RECOMMENDATION ON MOTION TO REMAND

Before the Court is the April 13, 2009 motion of Plaintiff, Lonnie Murphy, to Remand (D.E. #3) and by order of reference for report and recommendation (D.E. #5).

    **I.   Background**

On March 4, 2009, Plaintiff filed his Complaint alleging federal civil rights violations and ancillary state law violations in the Circuit Court of Shelby County, Tennessee against the following defendants:

- Motel 6 Operating, LP

- Fourth Berkshire Properties, LLC

- Studio 6, a corporation, a/k/a ACCOR North America, Inc.
- Ashley Davis

On April 8, 2009, Defendants filed a Notice of Removal. Attached as exhibits to the Notice of Removal were the Service of Process Transmittals indicating that Defendants Accor North America, Inc. and Motel 6 Operating, LP were delivered to CT Corporation System by certified mail on March 10, 2009, post marked on March 6, 2009. On April 13, 2009, Plaintiff filed his Motion to Remand asserting that the removal was untimely. Plaintiff bases this assertion on summonses and affidavits of service indicating that the Defendants were served on March 5, 2009 by service of the Summons and Complaint on Ashley Davis signing as "General Manager". Therefore, by Plaintiff's reasoning, the Notice of Removal must have been filed on or before April 4, 2009 to be effective. Defendants respond that, because 1) Ms. Davis was not authorized to accept service for Accor North America, Inc. and Fourth Berkshire Properties, LLC and 2) Motel 6 Operating LP and Accor North America, Inc. were served on March 10, 2009, the notice of removal was filed within 30 days of the March 10, 2009 service date.

For the reasons outlined below, the Magistrate Judge recommends that Plaintiff's Motion to Remand be DENIED.

## II. Law and Analysis

Removal of a case from state court to federal court is governed by 28 U.S.C. Chapter 89. The specific procedure for removal is set forth at 28 U.S.C. § 1446. Among the requirements that a removing defendant must satisfy is that the notice of removal be

> "filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in

court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b).

The 30-day period for removal runs from the service of the summons on each defendant. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 119 S.Ct. 1322, 1329 (1999). In cases with multiple defendants served at different times, a later-served defendant has 30 days from the date of service to remove a case to federal district court, with the consent of the remaining defendants. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir.1999).

There does not appear to be a dispute among the parties regarding the date of service on Ms. Davis. Service of process on an individual shall be made as follows:

> Upon an individual other than an unmarried infant or an incompetent person, by delivering a copy of the summons and of the complaint to the individual personally, or if he or she evades or attempts to evade service, by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service, or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served.
> Tenn. R. Civ. P. 4.04(1).

Ms. Davis was personally served on March 5, 2009[1]. *See*, Motion to Remand (D.E. #3), Exhibit A, summons to Ashley Davis.

Service may be effected against a domestic or foreign corporation within a judicial district of the United States either by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," *see* Fed.R.Civ.P. 4(h)(1)(A); Fed.R.Civ.P. 4(e)(1), or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and-if the agent is one

---

[1] It is interesting to note that Ms. Davis signed the summons which was addressed to her individually as "Ashley Davis General Manager." It is entirely possible that Ms. Davis did not read any of the summonses prior to accepting and signing them.

authorized by statute and the statute so requires-by also mailing a copy of each to the defendant," Fed.R.Civ.P. 4(h)(1)(B). Tennessee state law provides the following with respect to service on a corporation:

> Service shall be made ... [u]pon a domestic corporation, or a foreign corporation doing business in this state, by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation.
> Tenn. R. Civ. P. 4.04(4).

As the Tennessee Supreme Court has noted, neither the federal nor the Tennessee state rule for service on a corporation requires that "service be made solely upon a restricted class of formally titled officials." *Garland v. Seaboard Coastline R. Co.,* 658 S.W.2d 528, 530-31 (Tenn.1983) (citations and quotations omitted). Rather, service may "be made upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." *Id.* For purposes of Rule 4(h)(1), "[a] managing agent is one authorized to transact all business of a particular kind at a particular place and must be vested with powers of discretion rather than being under direct superior control." *Bridgeport Music, Inc. v. Rhyme Syndicate Music,* 376 F.3d 615, 624 (6th Cir.2004) (citing *Grammenos v. Lemos,* 475 F.2d 1067, 1073 (2d Cir.1972) (a managing agent "is a person or entity authorized to transact all business of the principal at a particular place or of a particular kind, generally. A general or managing agent must be invested with powers of discretion and must exercise judgment in his duties, rather than being under direct superior control as to the extent of his duty and the manner in which he executes it.))

It is Plaintiff's position that by accepting service of process as general manager, Ashley Davis effectively accepted service for Motel 6 Operating LP, Fourth Berkshire Properties, LLC and Studio 6, a corporation, a/k/a ACCOR North America, Inc. on March 5, 2009. The uncontested affidavit of Carmen C. Yung (D.E. #6-2), Senior Counsel of Accor North America, Inc., makes it clear that Ms. Davis is not employed by either Fourth Berkshire Properties, LLC or Accor North America, Inc. Because Ms. Davis does not stand in the required relationship with these entities such that it is "fair, reasonable and just to imply the authority on [her] part to receive service.", service of the summonses for Fourth Berkshire Properties, LLC and Accor North America, Inc. on Ms. Davis on March 5, 2009 was not effective.

Motel 6 Operating LP and Accor North America, Inc. have designated CT Corporation as their agent for service of process. Plaintiff was aware of this fact inasmuch as he also served CT Corporation with the summons and complaint. *See*, service of process transmittals filed with the state court filings at D.E. # 1-2. Tenn. R. Civ. P. 4.04(11) provides that "service by mail is complete upon mailing." The service of process transmittals reflect that the documents to both Motel 6 Operating LP and Accor North America, Inc. were postmarked on March 6, 2009. Therefore, Motel 6 Operating LP and Accor North America, Inc. were served on March 6, 2009.

To date, Fourth Berkshire Properties, LLC is the only defendant which has not been served with process in this matter. This creates a situation akin to that in *Arthur v. Litton Loan Servicing LP, et. al.*, 249 F.Supp. 924 (E.D. Tenn. 2002). In *Arthur*, the plaintiffs filed their complaint in Hamilton County, Tennessee Chancery Court on June 4, 2002. *Id* at 927. The plaintiffs attempted to serve defendant Litton Loan Servicing, LP by having the sheriff deliver the summons and complaint to Arnold Weiss, a Memphis attorney, on July 15, 2002. *Id* Weiss did not refuse delivery of the summons and complaint for Litton. *Id.* Valerie Spicer, an attorney

in Weiss' office, wrote plaintiffs' counsel informing them that Spicer and Weiss were retained to represent Litton. *Id.* The Plaintiffs also attempted to serve U.S. Bank by having the sheriff deliver the summons and complaint to Weiss on July 15, 2002. *Id.* Weiss declined to accept service on behalf of U.S. Bank. *Id.* No further attempts were made to serve U.S. Bank and the plaintiffs conceded that U.S. Bank had not been served with process. *Id.* Litton and U.S. Bank filed their notice of removal on September 19, 2002. *Id.* at 928. The plaintiffs moved to remand based on the premise that Litton was served on July 15, 2002. *Id.* In denying the motion, the court found that there was no evidence that Litton had specifically authorized Weiss to act as its agent to receive service of process and that Litton and U.S. Bank have a right to file a notice of removal prior to being served with process. *Id.* at 929-31.

Here, Fourth Berkshire Properties, LLC filed a notice of removal with the consent of the remaining defendants. There is nothing in the plain language of 28 U.S.C. § 1446(b) that precludes Fourth Berkshire Properties LLC from filing a notice of removal prior to Plaintiff effecting service of process upon it. Service of process in not a prerequisite to a defendant exercising its right of removal under 28 U.S.C. § 1446. *Arthur* at 931; *Delgado v. Shell Oil,* 231 F.3d 165, 177 (5th Cir.2000), *cert. denied,* 532 U.S. 972, 121 S.Ct. 1603, 149 L.Ed.2d 470 (2001); *Robinson v. Quality Ins. Co.,* 633 F.Supp.572, 576 (S.D.Ala.1986). While the time for removal may have expired for the remaining defendants when the notice was filed on April 8, 2009, the time period as to Fourth Berkshire Properties, LLC had not begun. As such, Fourth Berkshire Properties, LLC timely filed the notice of removal.

For the foregoing reasons, the Magistrate Judge respectfully recommends that the District Court DENY Plaintiff's motion to remand.

This 26th day of August, 2009.

                                              s/ Charmiane G. Claxton
                                              CHARMIANE G. CLAXTON
                                              United States Magistrate Judge