IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LONNIE MURPHY,<br><br>    Plaintiff,<br><br>v.<br><br>STUDIO 6, a corporation, a/k/a<br>ACCOR NORTH AMERICA, INC.,<br>a Delaware Corporation; FOURTH<br>BERKSHIRE PROPERTIES, LLC;<br>MOTEL 6 OPERATING, LP; and<br>ASHLEY DAVIS,<br>Manager of Studio 6, a corporation, a/k/a<br>ACCOR NORTH AMERICA, INC., a<br>Delaware Corporation and/or FOURTH<br>BERKSHIRE PROPERTIES, LLC and/or<br>MOTEL 6 OPERATING, LP,;<br><br>    Defendants. | No. 09-2212-STA |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Lonnie Murphy's Motion to Remand (D.E. # 3) filed on April 13, 2009. On August 26, 2009, the Magistrate Judge recommended that Plaintiff's Motion be denied. Plaintiff filed timely objections to the Magistrate Judge's Report and Recommendation (D.E. # 10) on August 26, 2009. Defendants also filed timely objections on February 3, 2009 (D.E. # 11). Having reviewed the Magistrate Judge's Report and Recommendation *de novo*, and the entire record of the case, the Court hereby **ADOPTS** the Report and Recommendation and **DENIES** Plaintiff's Motion to Remand.

**BACKGROUND**

Neither party has objected to the Magistrate Judge's statement of the facts in this case, which were as follows:

On March 4, 2009, Plaintiff filed his Complaint alleging federal civil rights violations and ancillary state law violations in the Circuit Court of Shelby County, Tennessee against the following defendants: Motel 6 Operating LP, Fourth Berkshire Properties, LLC, Studio 6, a corporation, a/k/a ACCOR North America, Inc., and Ashley Davis.  On April 8, 2009, Defendants filed a Notice of Removal.  Attached as exhibits to the Notice of Removal were the Service of Process Transmittals indicating that Defendant Accor North America, Inc. and Motel 6 Operating, LP were delivered to CT Corporation signed by certified mail on March 10, 2009, post marked on March 6, 2009.  Ashley Davis, General Manager of the Motel 6, also received summons on behalf of herself, Accor North America, Inc., Fourth Berkshire Properties, and Motel 6 Operating LP, on March 5, 2009.[1]

In the instant Motion before the Court, Plaintiff contends that removal was untimely. Plaintiff argues that the Defendants were served on March 5, 2009, by service of the Summons and Complaint on Ashley Davis signing as "General Manager."  By Plaintiff's reasoning, the Notice of Removal must have been filed on or before April 4, 2009, to be effective.  Defendants respond that, because 1) Ms. Davis was not authorized to accept service for Accor North America, Inc. and Fourth Berkshire Properties, LLC, and 2) Motel 6 Operating LP and Accor North America, Inc. were served on March 10, 2009, the notice of removal was filed within 30 days of the March 10, 2009, service date.

The Magistrate Judge has recommended that this Court deny Plaintiff's Motion to

---

[1] Exhibit A, Pl.'s Mot. to Remand

2

Remand.  More specifically, the Magistrate Judge found that Ashley Davis was not an employee of Fourth Berkshire Properties, LLC or Accor North America.  Thus, she did not "stand in the required relationship" with those entities to make the March 5, 2009, service effective.  The Magistrate Judge also found that Motel 6 Operating LP and Accor North America were served on March 6, 2009, the date service of process via certified mail was transmitted.

Additionally, the Magistrate Judge found that to date Fourth Berkshire Properties has not been served with process.  Despite this fact, the Magistrate Judge concluded that 28 U.S.C. § 1446(b) does not require that service of process precede a defendant's, such as Fourth Berkshire Properties, filing of a notice of removal.  As such, the Magistrate Judge found that Fourth Berkshire Properties' notice of removal was not untimely.

Plaintiff has filed timely objections to the Magistrate Judge's Report and Recommendation to deny Plaintiff's Motion to Remand.  More specifically, Plaintiff contends that General Manager Ashley Davis could receive service of process for Fourth Berkshire Properties.  To support his position, Plaintiff argues that since Fourth Berkshire Properties does not have a registered agent in Tennessee "it was fair, reasonable and proper to assume that the general manager of the location of property where . . . the incident occurred was proper to receive service."  Plaintiff also notes that the Shelby County Tax Assessor requires property notices meant for Fourth Berkshire Properties to be sent "in care of Motel 6 Properties, LP."  Additionally, Plaintiff asserts that Fourth Berkshire Properties had actual notice of the requirement for removal since he sent a "courtesy copy of the Complaint" to Defendants' counsel on March 6, 2009.  Therefore, Plaintiff concludes that the notice of removal had to be filed by April 4, or 5, 2009 and thus objects to the Magistrate Judge's finding that removal was

3

timely on April 8, 2009.

Defendants also filed a timely objection to the Magistrate Judge's Report and Recommendation. More specifically, the Defendants contend that service of process was effective upon Accor North America, Inc. on March 10, 2009, rather than March 6, 2009, as the Magistrate Judge found. The Defendants argue that service was effective on Accor North America when its registered agent received and signed the return receipt rather than upon mailing as the Magistrate Judge found in her Report and Recommendation. Therefore, the Defendants argue that the notice of removal on April 8, 2009, was timely for two reasons: (1) because Fourth Berkshire Properties has not been effectively served, the thirty day period for removal has not yet run and (2) because Accor North America was served on March 10, 2009, not on March 6, 2009.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b), a district court shall apply a *de novo* standard of review for "dispositive" motions excepted in § 636(b)(1)(A) such as motions to dismiss.[2]

## ANALYSIS

As the Magistrate Judge correctly noted in her Report and Recommendation, the removal of a case from state court to federal court is governed by 28 U.S.C. Chapter 89. 28 U.S.C. §1446 provides the specific procedure for removal.[3] Pursuant to § 1446(c) the notice of removal must:

be filed within thirty days after the receipt by the defendant, through service or otherwise,

---

[2] *United State v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz,* 447 U.S. 667, 674, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). *See also* 28 U.S.C. § 636(b)(1). The Sixth Circuit has held that "a remand order is the functional equivalent of an order to dismiss." *Vogel v. United States Office Prod. Co.*, 258 F.3d 509, 517 (6th Cir. 2001).

[3] 28 U.S.C. § 1446.

of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.[4]

The 30 day period for removal runs from the service of the summons on each defendant.[5] In cases with multiple defendants served at different times, a later-served defendant has 30 days from the date of service to remove a case to federal district court, with the consent of the remaining defendants.[6]

Service may be effectuated against a domestic or foreign corporation within a judicial district of the United States either by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"[7] or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and - if the agent is one authorized by statute and the statute so requires - by also mailing a copy of each to the defendant."[8] Pursuant to Tenn. R. Civ. P. 4.04(4) service of process upon a corporation:

> shall be made . . . by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized or by law to receive

---

[4] *Id*. at § 1446(b).

[5] *Murphy Bros. v. Michetti Pipe Stringing, Inc*., 199 S.Ct. 1322, 1329 (1999).

[6] *Brierly v. Alusuisse Flexible Packaging, Inc*., 184 F.3d 527, 533 (6th Cir. 1999).

[7] Fed. R. Civ. P. 4(h)(1)(A). *See also* Fed. R. Civ. P. 4(e)(1).

[8] Fed. R. Civ. P. 4(h)(1)(B).

service on behalf of the corporation.[9]

As the Magistrate Judge correctly pointed out, the Tennessee Supreme Court has found that service upon a corporation does not require "service be made solely upon a restricted class of formally titled officials."[10] Instead, service may be made

> upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service.[11]

For purposes of Fed. R. Civ. P. 4(h)(1), "a managing agent is one authorized to transact all business of a particular kind at a particular place and must be vested with powers of discretion rather than being under direct superior control."[12]

In the case at bar, the Magistrate Judge found that Defendant Davis was not employed by Defendant Fourth Berkshire Properties and thus it was not "fair" or "reasonable" for her to accept service on that Defendant's behalf. This Court agrees.

As noted above, the Plaintiff argues that: (1) Defendant Fourth Berkshire Properties owns the Studio 6, (2) Defendant Fourth Berkshire Properties does not have a registered agent on file with the Tennessee Secretary of State; (3) Defendant Davis was the managing agent for Motel 6 Operating, L.P., the operator of Studio 6, and (4) thus service upon Defendant Davis was proper for Defendant Fourth Berkshire Properties. To reach this conclusion, however, the Plaintiff

---

[9] Tenn. R. Civ. P. 4.04(4).

[10] *Garland v. Seaboard Coastline R.R. Co.*, 658 S.W.2d 528, 530-31 (Tenn. 1983).

[11] *Id.* at 531.

[12] *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 624 (6th Cir. 2004)(citing *Grammenos v. Lemos*, 475 F.2d 1067, 1073 (2d Cir. 1972)).

misconstrues the relationship between Defendant Fourth Berkshire Properties and Defendant Davis.

According to Carmen C. Yung, Senior Counsel in the Legal Department of Defendant Accor North America,

> [1] Ashley Davis is employed by Motel 6 Operating, L.P. as the general manager of the Studio 6 located at 4300 American Way, Memphis, Tennessee 38118 . . .[2] Motel 6 Operating, L.P. operates the Studio 6; [3] Fourth Berkshire Properties, LLC owns the real estate and improvements of the Studio 6; [4] Motel 6 Operating, L.P. sub-leases the property from Fourth Berkshire Properties, LLC; and [5] Fourth Berkshire Properties, LLC does not employ Ashley Davis or any other individual working at the Studio 6.[13]

As Plaintiff contends, it is true that "Berkshire is the owner of the Studio 6" in the sense that Defendant Fourth Berkshire Properties owns the land and building on which the Studio 6 operates. Defendant Fourth Berkshire Properties, however, is not the owner or operator of the Studio 6, from a business operation standpoint. Rather, Defendant Fourth Berkshire Properties is simply Studio 6's landlord. Therefore, the Court does not find that it was fair and reasonable for the general manager of Defendant Fourth Berkshire Properties' tenant to accept service of process on its behalf, as the Plaintiff contends.

Additionally, Plaintiff argues that it was fair and reasonable to serve Defendant Davis because "Berkshire . . . does not have any registered agent on file with the Tennessee Secretary of State." This argument, however, was not raised before the Magistrate Judge. Therefore, the Court declines to consider it at this stage.[14] However, even if the Court did consider Plaintiff's

---

[13] Yung Aff. ¶¶ 3-7.

[14] *See Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000)("Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issue that were not presented to the magistrate.")

7

argument, the Court finds it unpersuasive.  According to Tenn. Code Ann. § 20-2-202(b)(1), "if the unincorporated association or organization fails to appoint the process fails to appoint the process agent pursuant to this section, all process may be served upon the secretary of the state of Tennessee."[15]  Therefore, Plaintiff could have served the Tennessee Secretary of State on behalf of Defendant Fourth Berkshire Properties, LLC in lieu of Defendant Davis.  Thus, the Court finds that service of the summons for Defendant Fourth Berkshire Properties on Defendant Davis on March 5, 2009, was not effective.

As an additional matter, the Magistrate Judge concluded that service of process is not a prerequisite to a defendant exercising its right of removal under 28 U.S.C. § 1446.  The Magistrate Judge noted that:

> [w]hile the time for removal may have expired for the remaining defendants when the notice was filed on April 8, 2009, the time period as to Fourth Berkshire Properties, LLC had not begun.  As such, Fourth Berkshire Properties, LLC timely filed the notice of removal.

The Plaintiff objects to the Magistrate Judge's finding.  More specifically, the Plaintiff seems to contend that Defendant Fourth Berkshire Properties had "adequate notice of the requirement for removal to occur" because he sent a courtesy copy of the complaint to Defendant's counsel on March 6, 2009.  As such, Plaintiff contends that removal was untimely on April 8, 2009.

Plaintiff, however, provides no case law to support his position that when Defendant's counsel received a courtesy copy of the complaint that service was legally sufficient or resulted in actual notice to Defendant Fourth Berkshire Properties.  Therefore, the Court agrees with the Magistrate Judge's finding that to date Defendant Fourth Berkshire Properties has not been effectively served, and thus the notice of removal on April 8, 2009 was timely.

---

[15] Tenn. Code Ann. § 20-2-202(b)(1).

As an additional matter, the Defendants contend that service was effective on Defendant Accor North America when its registered agent, CT Corporation, received and signed the return receipt on March 10, 2009, rather than upon mailing on March 6, 2009, as the Magistrate Judge found in her Report and Recommendation.

Tenn. R. Civ. P. 4.04(4) states in pertinent part: "[s]ervice shall be . . .upon a domestic corporation, . . . by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation."[16]  Pursuant to Tenn. R. Civ. P. 4.03(2), "if the return receipt is signed by . . . a person designated by Rule 4.04 . . . service on the defendant shall be complete."

In the case at bar, Defendant Accor North America designated CT Corporation as its agent for service of process.  Plaintiff served CT Corporation with the summons and complaint pursuant to Tenn. R. Civ. P. 4.03(2) on March 10, 2009, i.e. the day CT Corporation signed the return receipt.  Therefore, the April 8, 2009 notice of removal was also filed within Defendant Accor North America's thirty day period for removal.

The Magistrate Judge cited Tenn. R. Civ. P. 4.04(11) for the proposition that "service by mail is complete upon mailing" and thus found that Defendant Accor North America was served on March 6, 2009.[17]  Tenn. R. Civ. P. 4.04(11) states in pertinent part: "[w]hen service of a summons . . . is provided for or permitted by registered or certified mail . . . and the addressee or the addressee's agent refuses to accept delivery . . . Service by mail is complete upon mailing."[18]

---

[16] Tenn. R. Civ. P. 4.04(4).

[17] Tenn. R. Civ. P. 4.04(11).

[18] *Id*.

9

Here, there is no indication in the record that CT Corporation, Defendant Accor North America's registered agent, refused to accept delivery of the summons and complaint.  Therefore, the Court finds that Tenn. R. Civ. P. 4.04(11) is likely inapplicable in this case.  Despite this fact, the Court agrees with the Magistrate Judge's finding that the notice of removal was timely filed since Defendant Fourth Berkshire Properties time for removal has not yet run.

## CONCLUSION

Having reviewed the Magistrate Judge's report and recommendation de novo, and Plaintiff's and Defendants' objections to the report, the Court hereby **ADOPTS** the Magistrate Judge's report.  Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: February 5th, 2010.